IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY | § § § § | |
| | § § | CIVIL ACTION No. B-12-cv-00107 |
| V. | § § | |
| IN THE MATTER OF EFRAIN DOMINGUEZ, DECEASED, AND PERLA CASTILLO-GARCIA, | § § § | |

## JOINT PRETRIAL ORDER

In accordance with FRCP Rule 16 and Local Rule 16.2 & Appendix B, the parties herein respectfully submit their proposed Joint Pre-trial Order:

**1.   APPEARANCE OF COUNSEL**

List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

Trial counsel is as follows:

Bradley D McClellan
Law Office of Richard Pena, PC
1701 Directors Blvd, Suite 110
Austin, TX 78744
512-327-6884
512-327-8354 (fax)
brad.mcclellan@yahoo.com
**Attorneys for Counter-claimants Perla Castillo Garcia, surviving spouse of the Efrain Dominguez and Guardian of Minor Beneficiaries**

Darryl Silvera
The Silvera Firm
5001 Spring Valley Rd, Ste 1015 E
Dallas, TX 75244
972-715-1750
972-715-1759 (fax)
dsilvera@silveralaw.com
**Attorneys for Counter-respondent New Hampshire Insurance Company**

<u>JOINT PRETRIAL ORDER</u>                                                                                              PAGE 1

2. **STATEMENT OF THE CASE**

Efrain Dominguez, an employee of Americanos USA, LLC (Americanos), a wholly owned subsidiary of Greyhound Lines, Inc. (Greyhound), died in a bus accident involving an Americanos bus on March 16, 2010.

The matter was litigated with the Texas Department of Insurance-Division of Workers' Compensation ("DWC"), which determined that (1) New Hampshire Insurance Company did not provide New Hampshire Insurance Co. did not provide workers' compensation insurance coverage for Americanos USA, L.L.C. on March 16,2010 and determined that (2) Efrain Dominguez was not an employee of Greyhound Lines, Inc. and (3) that Efrain was in the course and scope of his employment with Americanos USA, L.L.C. at the time of his death.

New Hampshire Insurance Co. sought judicial review that workers' compensation coverage was provided to Americanos. This Court has determined through summary proceedings that New Hampshire Insurance Co. was not an aggrieved party and has no standing to complain of this determination due to the fact it does not have to pay workers' compensation benefits and dismissed the coverage dispute making the DWC decision final that workers' compensation coverage was not provided New Hamphire Insurance Co. to Americanos on the date of death of Efrain Dominguez.

Perla Castillo-Garcia, the beneficiary of Efrain Dominguez and the estate of Efrain Dominguez and, appealed the decision of the Texas Department of Insurance-Division of Workers' Compensation, and contend that at the time of his death Efrain Dominguez was not in the course and scope of his employment with Americanos.

New Hampshire Insurance Company contends that at the time of his death Efrain Dominguez was in the course and scope of his employment with Americanos. Whether Efrain Dominguez was or was not in the course and scope of his employment with Americanos at the time of his death is the remaining pending issue to be decided in this case. The existence of coverage was previously ruled on by the court, and dismissed, contending no jurisdiction.

3. **STATEMENT OF JURISDICTION**

Perla Castillo-Garcia is an individual whose residence was in Brownsville, Cameron County, Texas.

New Hampshire Insurance Company is a corporation incorporated in the State of Pennsylvania, with its principal place of business in the State of New York.

Efrain Dominguez was a citizen of Mexico but resided in Texas.

Jurisdiction is proper in this Court since this is an original action based on diversity pursuant to 28 U.S.C. §§ 1332(a), (a) (1), and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Parties agree to Federal jurisdiction.

4. **PENDING MOTIONS**

None.

5. **CONTENTIONS OF THE PARTIES**

New Hampshire Insurance Company, a workers compensation insurance carrier, originally appealed certain findings of the Texas Division of Workers' Compensation CCH Decision and Order in DWC No. 10305290 and Appeals Panel Decision filed with the Director of Hearings May 29, 2012 in *New Hampshire Insurance Company, Carrier v. Efrain Dominguez, Claimant*. The court has disposed of the appeal of New Hampshire Insurance Company, based on jurisdictional issues. New Hampshire contends there was a workers compensation policy in effect on the date of the accident.

Perla Castillo-Garcia, surviving spouse and the Estate of Efrain Dominguez deceased, counterclaimed, and appealed certain findings of the Texas Division of Workers' Compensation CCH Decision and Order in DWC No. 10305290 and Appeals Panel Decision filed with the Director of Hearings May 29, 2012 in *New Hampshire Insurance Company, Carrier v. Efrain Dominguez, Claimant*.

Perla Castillo-Garcia and the Estate of Efrain Dominguez contend that at the time of his death Efrain Dominguez was <u>not</u> in the course and scope of his employment with Americanos.

New Hampshire Insurance Company contends that at the time of his death Efrain Dominguez <u>was</u> in the course and scope of his employment with Americanos.

6. **ADMISSIONS OF FACT**

The parties stipulate to the following:

1. The date of the accident when Efrain Dominguez died was March16, 2010.

2. At the time of the accident Efrain Dominguez was an employee of

      Americanos USA, LLC.

3. At the time of the accident Efrain Dominguez was traveling on a bus owned and operated by Americanos USA, LLC.

4. Efrain Dominguez, while on the bus participated in at least a forty-one minute conference call with his employer.

5. During the conference call, Efrain Dominguez did not notify his supervisor or employer that he was not working.

6. At the time of his death, Efrain Dominguez had not notified his supervisor he was not working or requested or taken vacation.

8. Efrain Dominguez was a border office manager for Americanos in Brownsville, Texas.

9. Efrain Dominguez worked weekends or other times outside normal hours.

10. Americanos' employees are allowed to ride on buses for personal trips and are supposed to complete a ride authorization request and submit it to the payroll department for review and approval.

11. On March 16, 2010, Efrain Dominguez did not obtain a travel voucher but did not complete a ride authorization request or submit it to payroll.

12. Efrain Dominguez was on salary as an employee on March 16, 2010.

13. On March 16, 2010, Efrain Dominguez did not take a vacation day, sick day or personal leave day.

14. On March 16, 2010, at no time during the telephone business conference call did Efrain Dominguez advise John Como, his supervisor, that he was not working.

15. A passenger on an Americanos bus does not have the authority or right to assist the driver to diagnose mechanical issues, or instruct the driver to continue operation or stop the bus.

16. During the conference call, Efrain Dominguez was discussing the business of his employer, Americanos.

18. On March 16, 2010, Irma Morado was in the course and scope of her employment for Americanos at the time of the bus accident made the basis of the claim.

23. At the time of the accident, Efrain Dominguez was standing up next to the driver checking the bus gauges.

24. At the time of the accident, Efrain Dominguez was trying to grab the steering wheel of the bus.

25. Mr. Dominguez a few days prior to March 16, 2010 had traveled with his spouse, Perla, and their two minor children in their personal vehicle from their home in Brownsville to visit relatives in Ciudad Juarez at the start of their children's Spring Break.

26. After spending a few days with his family on this purely personal travel, Mr. Dominguez had obtained a travel voucher to travel from El Paso back to Brownsville on a bus, and he used this voucher for his travel on March 16, 2010.

27. Mr. John Como, the claimant's supervisor, confirmed that employees are allowed to travel for personal reasons when space is available.

28. Mr. Como also testified that he was unaware of the Deceased's travel until after the fatal accident occurred on March 16, 2010.

29. On March 16, 2010, during Mr. Dominguez's travel segment about 40 miles from San Antonio on the way to Brownsville, the bus he was riding on turned over resulting in fatal injuries to Mr. Dominguez.

30. Mr. Como, the supervisor of Mr. Dominguez confirmed that Mr. Dominguez was a manager at the Brownsville terminal for Americanos, but that Mr. Dominguez was not licensed and not employed to drive the buses and was not a mechanic to be able to work on the buses.

31. The DWC Contested Case Hearing Officer found that Efrain Dominguez was engaged in or about the furtherance of the affairs or business of the employer on March 16, 2010 at the time of the accident.

32. The DWC Contested Case Hearing Officer found that Efrain Dominguez was in the course and scope of his employment when involved in a motor vehicle accident resulting in Efrain Dominguez' death on March 16, 2010.

8. **CONTESTED ISSUES OF FACT**

    A. Facts contended by Perla Castillo-Garcia and the Estate of Efrain Dominguez:

        1. At the time of his death Efrain Dominguez was not in the course and scope of his employment with Americanos USA, LLC, but was on a personal trip and excluded from course and scope under the dual purpose doctrine.

    B. Facts contended by New Hampshire Insurance Company:

        1. At the time of his death Efrain Dominguez was in the course and scope of his employment with Americanos USA, LLC. At the time of the accident Efrain Dominguez was furthering the business or affairs of his employer.

9. **AGREED PROPOSITIONS OF LAW**

Texas Labor Code Section 401.011(12):

"Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations.

The term does not include:

(A) transportation to and from the place of employment unless:
(i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;
(ii) the means of the transportation are under the control of the employer; or
(iii) the employee is directed in the employee's employment to proceed from one place to another place; or
(B) travel by the employee in the furtherance of the affairs or business of the employer if the travel
is also in furtherance of personal or private affairs of the employee unless:
(i) the travel to the place of occurrence of the injury would have been made even had there been no personal or private affairs of the employee to be furthered by the travel; and
(ii) the travel would not have been made had there been no affairs or business of the employer to be furthered by the travel.

*Deatherage v. International Insurance Company*, 615 S.W.2d 181, 182 (Tex. 1981):

> As a general rule, to prove course and scope a claimant must meet two requirements: (1) the injury must have occurred while the employee was engaged in or about the furtherance of the employer's affairs or business; and (2) the claimant must show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession.

**10. CONTESTED PROPOSITIONS OF LAW**

None, at present, but the Court will decide whether Efrain Dominguez was in the course and scope of his employment at the time of his death and if he was excluded under the "dual purpose" section of Texas Labor Code Section 401.011(12)(B).

**11. EXHIBITS**

**PERLA CASTILLO-GARCIA & THE ESTATE OF EFRAIN DOMINGUEZ' EXHIBIT LIST**

1. "Employer's Wage Statement" & 2009 W-2s Efrain Dominguez

2. 3-10-2010 "Personal" Travel Voucher Efrain for Efrain Dominguez El Paso to Brownsville

3. Deposition Excerpts from Rodney Ackels

4. Deposition Excerpts of John A. Como

5. Deposition Excerpts of Jesus Sanchez

6. Deposition Excerpts of Alejandro Gutierrez

7. DWC CCH Transcript Excerpts

8. DWC CCH Decision and Order and Finality Notice

**NEW HAMPSHIRE INSURANCE COMPANY'S EXHIBIT LIST**

A. Accident report

B. DWC-3 & PLN-5

    C.    Excerpts from the Deposition of Irma Morado

    D.    Excerpts from the Deposition of John Como

    E.    Affidavit of David Thompson

    F.    Sprint Cellular phone records of Efrain Dominguez

    G.    Excerpts from the CCH Transcript

    H.    CCH Decision & Order, and Appeal Panel decision

    I.    Certified copy of Irma Morado's DWC file

**12. WITNESSES**

    **A. WITNESSES OF PERLA CASTILLO-GARCIA & THE ESTATE OF EFRAIN DOMINGUEZ**

Perla Castillo-Garcia
3775 Boca Chica, Apt. 904
Brownsville, TX 78521
Surviving Spouse of Decedent and Guardian of Minor Beneficiaries and Defendant

John A. Como, Vice-president of operations and general manager for Americanos USA, LLC Americanos USA, LLC
2221 E. Lamar Blvd., #500
Arlington, Texas 76006
(817)652-9970
Employee of Americanos

    **B. WITNESSES OF NEW HAMPSHIRE INSURANCE COMPANY**

Perla Castillo-Garcia
3775 Boca Chica, Apt. 904
Brownsville, TX 78521
**Surviving Spouse of Decedent and Defendant**

David Thompson, Director of Hispanic Operations
Americanos USA, LLC
2221 E. Lamar Blvd., #500
Arlington, Texas 76006

(817)652-9970
**Employee of Americanos**

John A. Como, Vice-president of operations and general manager for Americanos USA, LLC
Americanos USA, LLC
2221 E. Lamar Blvd., #500
Arlington, Texas 76006
(817)652-9970
**Employee of Americanos**

Irma Mendoza Morado - Driver of subject bus
Americanos USA, LLC
2221 E. Lamar Blvd., #500
Arlington, Texas 76006
(817)652-9970
**Employee of Americanos**

Alejandro Jutierrez (AAU Terminal Manager from San Antonio)
Americanos USA, LLC
2221 E. Lamar Blvd., #500
Arlington, Texas 76006
(817)652-9970
**Employee of Americanos**

Robert Quintero (Driver Manager San Antonio)
Americanos USA, LLC
2221 E. Lamar Blvd., #500
Arlington, Texas 76006
(817)652-9970
**Employee of Americanos**

13. SETTLEMENT

All settlement efforts have been exhausted, the case cannot be settled, and it will have to be tried.

14. TRIAL

   A.   Probable length of trial;

        The estimated length of the trial is one day, but stipulated facts are anticipated to present the issue to the judge concerning course and scope of employment and the dual purpose doctrine. The parties waive

a jury trial and will try case to the Court.

B. Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

None at present.

15. **ATTACHMENTS**

Attached as Attachment B(1) are New Hampshire Insurance Company's proposed findings of fact.

Attached as Attachment B(2) are New Hampshire Insurance Company's proposed conclusions of law.

Attached as Attachment C(1) are Perla Castillo-Garcia's proposed findings of fact.

Attached as Attachment C2) are Perla Castillo-Garcia's proposed conclusions of law.

Date: _____      _____
                                    UNITED STATES DISTRICT JUDGE

Approved:

Date: May 13, 2014                  _____/s/ Bradley Dean McClellan_____
                                    Attorney-in-Charge,
                                    Plaintiff, Perla Castillo

Date: May 13, 2014                  _____/s/ Darryl J. Silvera_____
                                    Attorney-in-Charge,
                                    Defendant, New Hampshire Insurance Company